UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD C. BURNIAC,

Case No. 13-CV-12741

Plaintiff,                                        Hon. Mark A. Goldsmith

v.

WELLS FARGO BANK, N.A., et al.

Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. 4)

### I.      INTRODUCTION

This case arises out of a threatened foreclosure of Plaintiff's property.  Plaintiff sued Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), "Unknown Trustee," and "Unknown Trust," in Wayne County Circuit Court, alleging a number of purported defects and fraudulent conduct, including that an assignment of the mortgage was forged.  See Compl., Ex. A. to Notice of Removal (Dkt. 1-1).  Wells Fargo removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.  Notice of Removal (Dkt. 1).  Plaintiff filed a motion to remand (Dkt. 4); Wells Fargo filed a response (Dkt. 6);[1] Plaintiff filed a reply (Dkt. 7); and the Court heard oral argument on November 21, 2013.  Because the Court concludes that Plaintiff's arguments are lacking in merit for the reasons explained below, the Court denies Plaintiff's motion to remand (Dkt. 4).

_____

[1] Plaintiff encourages the Court to disregard the last five pages of Defendant's response because it is 25 pages, rather than 20, in length.  Pl.'s Reply at 1 n.1.  In support of this argument, Plaintiff cites Eastern District of Michigan Local Rule 7.1(d)(3).  However, that rule was amended earlier this year.  The amended version increases the maximum page length for response briefs to 25 pages so as to accommodate the amendment to Local Rule 5.1(a)(3), which increased the required font size.

## II.    BACKGROUND

Plaintiff and Linda Burniac executed a mortgage on their property in Plymouth, Michigan in 2003 to secure a loan from Washington Mutual Bank.  Compl., ¶ 9 (Dkt. 1-1); Def.'s Resp. at 1 (Dkt. 6).  In 2007, the mortgage was assigned to Wells Fargo, although the validity of that assignment is disputed.  Def.'s Resp. at 1; see also Compl. at ¶ 13.

Plaintiff subsequently defaulted on his loan repayment obligations, Compl. at ¶ 45; Def.'s Resp. at 1, prompting Wells Fargo to begin foreclosure proceedings.  Def.'s Resp. at 1; see also Complaint at ¶ 78.  Before the foreclosure sale took place, however, Plaintiff filed the instant lawsuit on May 20, 2013 in Wayne County Circuit Court.  See Register of Actions, Ex. 11 to Def.'s Resp. (Dkt. 6-12).  He alleges a variety of fraudulent and wrongful conduct, including that the assignment of his mortgage was forged, that Wells Fargo made wrongful statements regarding loan modification, and that his payments were misappropriated.  Compl. at ¶¶ 14, 19, 22, 44, 65.  Plaintiff's complaint includes the following counts:

- declaratory relief that the foreclosure violates Mich. Comp. Laws § 600.3204(1) and (3);

- declaratory relief that the foreclosure violates Mich. Comp. Laws §§ 600.3204(4), 600.3205a and 600.3205c;

- breach of contract based on the underlying mortgage;

- intentional fraud;

- constructive fraud;

- tortious interference with contractual relations;

- civil conspiracy;

- violation of Michigan's regulation of collective practices act;

- violation of Michigan's occupational code;

- "accounting";

- breach of contract of the implied duty of good faith and fair dealing;

- "declaratory relief regarding Defendants' failure to comply with the condition precedent under the code of federal regulations"; and

- quiet title.

On May 21, 2013 — one day after filing his complaint — Plaintiff filed a "motion seeking ex-parte temporary restraining order and preliminary injunctive relief." See Mot. for TRO, Ex. 4 to Def.'s Resp. (Dkt. 6-5). Plaintiff sought to prevent the foreclosure sale that was scheduled for May 23, 2013. Id. at 2. The motion outlined Plaintiff's arguments regarding why a temporary restraining order (TRO) and preliminary injunction were appropriate. Id. at 3-8. The motion also explained that the TRO could be granted without notice to Wells Fargo because "immediate and irreparable damage will be caused by the delay required to effect notice." Id.

The state court granted a TRO that same day. See TRO, Ex. 5 to Def.'s Resp. (Dkt. 6-6). The court enjoined the sheriff's sale of the property pending a May 31, 2013 hearing on Plaintiff's request for a preliminary injunction. Id. at 2. At the end of the order, the court directed that

> [c]ounsel for Plaintiff shall serve a copy of this Order, as well as the Summons, the Verified Complaint, the motion, and all other applicable pleadings, as follows:
>
> 1.    Certified mail, return receipt requested, with delivery restricted to the addressee, to Defendant, Wells Fargo Bank, N.A., at its headquarters located at 420 Montgomery Street, San Francisco, CA 94104-1207; and
>
> 2.    Certified mail, return receipt requested, with delivery restricted to the addressee, to Defendants, Unknown Trustee and Unknown Trust, c/o Defendant, Wells Fargo Bank, N.A., at its headquarters located at 420 Montgomery Street, San Francisco, CA 94104-1207.

3

Id. Plaintiff mailed the documents on May 22, 2013. Return of Service, Ex. 7 to Def.'s Mot. (6-8). The mailing was addressed to "Wells Fargo Bank, N.A., Attention: Mr. John G. Stumpf, 420 Montgomery Street, San Francisco, CA 94104-1207." Id.[2]

Plaintiff and Wells Fargo, through their respective counsel, subsequently stipulated to adjourn the show cause hearing regarding Plaintiff's request for a preliminary injunction until June 14, 2013. See Stipulated Order, Ex. 8 to Def.'s Resp. (Dkt. 6-9). The show cause hearing was held on June 14; defense counsel did not appear. Register of Actions, Ex. 11 to Def.'s Resp. (Dkt. 6-12). The state court issued a preliminary injunction on June 18, 2013. Preliminary Injunction, Ex. 9 to Def.'s Resp. (Dkt. 6-10).

The only affirmative action Defendant had taken at that point in the proceedings was to stipulate to adjourn the show cause hearing. Defendant did not file an answer or otherwise respond to the complaint. Accordingly, Plaintiff filed a "Default Request, Affidavit, and Entry" form on June 20, 2013. Default Request, Ex. 10 to Def.'s Resp. (Dkt. 6-11). The parties dispute whether a default ever was entered against Defendants.

Wells Fargo removed the action to this Court on June 20, 2013. Notice of Removal (Dkt. 1). Plaintiff filed a motion to remand thereafter. Mot. to Remand (Dkt. 4).

---

[2] The Return of Service form contains a checked box next to the statement "I served personally a copy of the summons and complaint." However, Plaintiff's briefing and oral argument on the instant motion confirm that personal service was never effectuated upon Defendants. Rather, Plaintiff states in his motion that he "served Defendants in accordance with the Order to Show Cause," i.e., that he served Wells Fargo "at its corporate headquarters (or principal office) by certified mail, return receipt requested, with delivery restricted to the addressee, Defendant's chairman, president, and CEO." See Pl.'s Mot. to Remand at 1 (Dkt. 4); Pl.'s Reply at 4 (Dkt. 7); see also Pl's Reply at 3 n.4 (explaining that the return receipt from the mailing "shows that the process was received by Defendant"). It thus appears that the person who completed the Return of Service form confused the term "personally" to mean personally mailed, rather than effectuated personal service.

## III.    DISCUSSION

In support of his motion to remand, Plaintiff raises four arguments:  (1) Wells Fargo could not remove this matter in light of the state court default entered against it; (2) Wells Fargo's "experimenting" in state court precludes removal; (3) remand is required because Wells Fargo omitted certain state court documents from its notice of removal; and (4) removal was improper under the rules of unanimity and diversity of citizenship in light of Defendants "Unknown Trust" and "Unknown Trustee."[3]  The Court addresses each argument in turn.[4]

### A.    Wells Fargo Can Remove Even with an Entry of Default

Plaintiff first argues that Wells Fargo was unable to remove this action in light of the entry of default against it in state court.  Pl.'s Mot. to Remand at 2-3 (Dkt. 4).  Plaintiff claims that under Michigan Court Rule 2.603(A)(3), Defendant's only option after the entry of default was to seek to set aside the default or to participate in a proceeding to ascertain the amount of damages to which Plaintiff is entitled.  Id.  Defendant responds that a default never was entered on the state court docket.  Def.'s Resp. at 4-5 (Dkt. 6).  In reply, Plaintiff highlights that the docket entry for his request for default includes the word "entry."  Pl.'s Reply at 2 (Dkt. 7).

---

[3] The Court notes that Plaintiff's counsel's firm has raised these same arguments in numerous other cases in this district, and has failed in nearly every attempt.  See Botsford v. Bank of Am., N.A., No. 13-13379, 2013 WL 5676641, at *1 (E.D. Mich. Oct. 18, 2013); Ordway v. Bank of Am., N.A., No. 13-13236, 2013 WL 5551083, at *1 (E.D. Mich. Oct. 8, 2013); Jackson v. Bank of Am., N.A., No. 13-12430, 2013 WL 4670762 at *1 (E.D. Mich. Aug. 30, 2013); Anderson v. Bank of Am., N.A., No. 13-12834, 2013 WL 4670825, at *2 (E.D. Mich. Aug. 30, 2013); Griffin v. JPMorgan Chase Bank, N.A., No. 13-10002, 2013 WL 2237974, at *2-3 (E.D. Mich. May 21, 2013); West v. Wells Fargo Bank, N.A., No. 12-13572, 2013 WL 1843676, at *4 (E.D. Mich. May 1, 2013); Mussall v. Bank of Am., N.A., No. 13-10321, 2013 U.S. Dist. LEXIS 27493, at *3 (E.D. Mich. Feb. 28, 2013).  But see Buterbaugh v. Selene Fin. LP, No. 12-14763, 2013 WL 812106, at *3 (E.D. Mich. Mar. 4, 2013) (finding lack of unanimity where there was no consent by the Unknown Trust and JPMorgan was sued as Trustee for the Trust).

[4] Because the Court concludes that removal was proper and that jurisdiction exists pursuant to 28 U.S.C. § 1332, it does not reach Plaintiff's final argument regarding supplemental jurisdiction.

5

Plaintiff also attaches to his reply a purported e-mail from the state court clarifying that "the Time Stamped Default constitutes the actual entry of the Default, Request, Affidavit, and Entry." 6/20/13 E-mail, Ex. A to Pl.'s Reply (Dkt. 7-1).

While the parties disagree whether a default actually was entered by the state court, the Court need not wade into this issue to resolve the instant motion.  At the outset, an entry of default would not have been proper in the state court because none of the Defendants was properly served.  Plaintiff argues that he served Wells Fargo by sending a copy of the summons and compliant via certified mail, return receipt requested, to Wells Fargo, with attention to John G. Stumpf, Wells Fargo's Chairman, President, and Chief Executive Officer.  Pl.'s Reply at 2-3. Plaintiff also claims that he served Defendants Unknown Trust and Unknown Trustee by mailing the documents in this same manner to Wells Fargo.  Pl.'s Mot. at 1.  Defendant responds that this method of service is not proper under the Michigan Court Rules.  Def.'s Resp. at 10.  The Court agrees.

Federal Rules of Civil Procedure 4(e) and (h)(1) allow for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Although the parties initially dispute whether Michigan Court Rule 2.105(D) (service methods for private corporations) or 2.105(E) (service methods for unincorporated voluntary associations) applies to Wells Fargo, a national banking association, see Def.'s Resp. at 7-8 (arguing for 2.105(D)); Pl.'s Reply at 3-4 (arguing for 2.105(E)), the Court need not resolve this issue because service was defective under either provision.

Both Michigan Court Rules 2.105(D)(2) and 2.105(E) permit service by "serving" a summons and copy of the complaint on a listed high ranking official and "sending" a summons

and copy of the complaint, via registered mail, to the Defendant's office.[5]  The fact that the rules use differing language for the two steps — <u>serving</u> an individual and <u>sending</u> to the offices — demonstrates that simply mailing the document to a high ranking official does not constitute proper service.

Indeed, numerous courts have concluded that the rules' use of the term "serving" requires personal service upon the listed individual; mailing the documents is insufficient.  <u>See, e.g.</u>, <u>State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.</u>, No. 05-74700, 2007 WL 127909, at *3-4 (E.D. Mich. Jan. 11, 2007) (concluding that mailing documents via registered mail was insufficient because the "deliberate distinction [between 'serving' and 'sending'] suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing'"); <u>see also</u> <u>Etherly v. Rehabitat Sys. of Michigan</u>, No. 13-11360, 2013 WL 3946079, at *1 (E.D. Mich. July 31, 2013) ("Michigan law allows service of process upon a corporation by serving a summons and a copy of the complaint on an officer or the resident agent personally or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail, addressed to the principal of the office of the corporation. . . . The Magistrate Judge correctly concluded that Michigan law does not permit service on a corporation by mail alone, certified, registered or otherwise. Mailing must be accompanied by

---

[5] Michigan Court Rule 2.105(D)(2) provides, in pertinent part, that service of process "on a domestic or foreign corporation may be made by . . . serving a summons and a copy of the complaint on a director, trustee or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation."  Michigan Court Rule 2.105(E) similarly provides, in relevant part: "Service of process on a partnership association or an unincorporated voluntary association may be made by (1) serving a summons and a copy of the complaint on an officer, director, trustee, agent, or person in charge of an office or business establishment of the association, and (2) sending a summons and a copy of the complaint by registered mail, addressed to an office of the association."

personal service of the agent."); <u>Wheeler v. Fed. Nat'l Mortg. Ass'n</u>, No. 12-13685, 2013 WL

449918, at *3 (E.D. Mich. Jan. 4, 2013) <u>(Whalen, M.J.)</u> ("While Plaintiff may have fulfilled the

certified mail portion of the § 2.105(D)(2) requirements, her failure to even allege that the

service by certified mail was accompanied by personal service on 'a director, trustee, or person

in charge of an office or business establishment' defeats her contention that Defendants were

properly served.").   Therefore, service was not effective under either Michigan Court Rule

2.105(D)(2) or (E) because Plaintiff did not effectuate personal service upon an applicable

individual in combination with his certified mailing.

As an alternative argument, Plaintiff claims that service was effective because he

complied with the terms of the TRO entered by the state court.  Pl.'s Mot. at 1.  In support of this

argument, Plaintiff highlights the language in the order requiring that

> [c]ounsel for Plaintiff shall serve a copy of this Order, as well as the
> Summons, the Verified Complaint, the motion, and all other applicable
> pleadings, as follows:
>
> 1.     Certified mail, return receipt requested, with delivery
> restricted to the addressee, to Defendant, Wells Fargo Bank, N.A., at its
> headquarters located at 420 Montgomery Street, San Francisco, CA
> 94104-1207; and
>
> 2.     Certified mail, return receipt requested, with delivery
> restricted to the addressee, to Defendants, Unknown Trustee and
> Unknown Trust, c/o Defendant, Wells Fargo Bank, N.A., at its
> headquarters located at 420 Montgomery Street, San Francisco, CA
> 94104-1207.

Ex-Parte TRO, Ex. 5 to Def.'s Resp. (Dkt. 6-6).  Plaintiff argues that this language

constituted a grant of alternative service pursuant to Michigan Court Rule 2.105(I).  Pl.'s

Reply at 5.  Defendant responds that the order does not mention alternative service, does

not permit alternative service, and does not state that the provisions outlined above are in

lieu of traditional service under Michigan Court Rule 2.105.   Def.'s Resp. at 6.

Michigan Court Rule 2.105(I) permits service by alternative methods "[o]n a showing that service of process cannot reasonably be made as provided by" the other provisions of Michigan Court Rule 2.105.  The rule goes on to require that

> [a] request for an order under this rule . . . be made in a verified motion dated not more than 14 days before it is filed.  The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known.  If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent efforts to ascertain it.

Michigan Court Rule 2.105(I)(2).

Here, the "motion" Plaintiff points to in support of his argument regarding alternative service is his motion for an ex-parte temporary restraining order.  Pl.'s Reply at 5.  However, this motion did not meet any of the above requirements: it was not verified, did not explain why process could not be served via the standard methods, did not state Wells Fargo's address, and did not set forth facts showing a diligent effort to ascertain the Unknown Defendants' addresses.  See Pl.'s Mot. for TRO, Ex. 4 to Def.'s Resp. (Dkt. 6-5).  Indeed, the motion does not even mention the phrase "alternative service."

In an attempt to skirt these deficiencies, Plaintiff argues that his statement in the motion that he would suffer "immediate and irreparable damage . . . by the delay to effect notice" satisfies the requirement of showing that service could not otherwise be had.  Pl.'s Reply at 5 n.10.  However, Plaintiff's present reliance on this statement for alternative service purposes is disingenuous.   Plaintiff made the statement to explain why notice was not required under Michigan Court Rule 3.310(B) — the Michigan rule governing when a court can grant a temporary restraining order without notice to the adverse party.  See Mot. for TRO at 2.  Plaintiff was not referring to notice in regards to service of the summons and complaint, and Plaintiff

9

cannot now pigeonhole that language into an argument regarding alternative service.  There is simply no evidence or even suggestion in Plaintiff's motion that personal service of the summons and complaint — as opposed to the request for TRO — was impossible.  The motion clearly was a motion for TRO pursuant to Michigan Court Rule 3.310(B), not a request for alternative service pursuant to 2.105(I)(2).  As such, Plaintiff did not meet the requirements for alternative service under Michigan Court Rule 2.105(I)(2).

Plaintiff also contends that service pursuant to a TRO is permissible under <u>Buterbaugh v. Selene Fin. LP</u>, No. 12-14763, 2013 WL 812106 (E.D. Mich. Mar. 4, 2013).  Pl.'s Reply at 5 n.9. The court in <u>Buterbaugh</u> did find that service upon a defendant unknown trust was proper pursuant to the method outlined in the TRO, i.e., mailing the summons and complaint via certified mail to JPMorgan.  <u>Buterbaugh</u>, 2013 WL 812106, at *3.  However, in that case, JPMorgan was sued and served as "Trustee for the Unknown Trust," and the Court emphasized that "both JPMorgan and Selene were served in the same manner as the Unknown Trust <u>and neither entity contends that service was improper as to it</u>."  <u>Id.</u> at *3 n.2 (emphasis added).

Here, Wells Fargo was not sued as Trustee for the Unknown Trust, and Wells Fargo does contend that service was improper as to it.  As such, the Court finds that Plaintiff's motion for an ex-parte temporary restraining order was not a request for alternative service under Michigan Court Rule 2.105(I)(2), and the order granting the TRO was not a grant of alternative service under Michigan Court Rule 2.105(I)(1).  Accordingly, Wells Fargo has not been properly served and any entry of default would have been improperly entered.

Moreover, even if Wells Fargo had been properly served, the state court's entry of default would not preclude removal.  The case of <u>Wallace v. Interpublic Group of Companies, Inc.</u>, No. 09-11510, 2009 WL 1856543 (E.D. Mich. June 29, 2009), is instructive on this point.  In that

case, a default was entered against the defendant in state court on April 6, 2009.  Over two weeks

later, the defendant removed the case to federal court and filed an answer to the complaint.  Id. at

*1.  In seeking remand, the plaintiff raised the same argument as here, i.e., that the defendant

was barred from removing in light of the state court default.  Id. at *3.

Citing 28 U.S.C. § 1446(d), the district court noted that "[o]nce [the d]efendant filed a

notice of removal, . . . the state court was deprived of jurisdiction over this matter," and that, as a

result, the Federal Rules of Civil Procedure, rather than the Michigan Court Rules, applied.  Id.

Therefore, the court concluded that Michigan Court Rule 2.603(A)(3) — the same state court

rule Plaintiff relies upon here — "did not preclude [d]efendant from filing a notice of removal."

Id.  Numerous other federal courts have impliedly reached the same result by analyzing motions

to set aside state court defaults following removal.  See, e.g., Sieler v. Lenawee Stamping Corp.,

No. 10-12984, 2010 WL 5211473, at *2 (E.D. Mich. Dec. 16, 2010) (analyzing motion to set

aside state court default under Fed. R. Civ. P. 55 after removal); see also Butner v. Neustadter,

324 F.2d 783, 785-786 (9th Cir. 1963) (state court default judgment — although it cannot

prevent removal — is valid, but analyze set aside under Fed. R. Civ. P. 60); Thomas v. JVM

Realty Corp., No. 08-493, 2008 WL 2511216, at *1 (W.D. Mich. June 19, 2008).  Accordingly,

the Court concludes that the entry of default would not have prevented Wells Fargo from

removing this case, even if valid.

**B.**     **Wells Fargo's Actions in State Court Do Not Require Remand**

Plaintiff also argues that Wells Fargo waived its right to remove by "experimenting with

the case in State Court before removal."  Pl.'s Mot. at 5.  In support of this argument, Plaintiff

points to two "strategic decision[s]" purportedly taken by Wells Fargo in state court: (1)

requesting to adjourn the show cause hearing by two weeks and (2) not appearing at the show

cause hearing or otherwise opposing Plaintiff's motion for a preliminary injunction. Id. at 5-6. Defendant responds that the only action it took in state court was to consent to adjourn the show cause hearing; it never filed an answer or responded to the complaint, nor did it appear for or oppose any of Plaintiff's ex parte activities. Def.'s Resp. at 18-19. Therefore, Defendant contends that it did not "experiment" in state court. Id.

A defendant's waiver of the right to remove through participation in state court proceedings must be "clear and unequivocal," and typically requires "action on the part of defendants resulting in a decision on the merits of [a] defense." McKinnon v. Doctor's Assocs., Inc., 769 F. Supp. 216, 219-220 (E.D. Mich. 1991) (internal citations omitted). "Merely defending against a temporary restraining order or request for an injunction in state court is not sufficient to constitute a waiver of the right of removal." Id. at 217. Here, Wells Fargo did not even defend against the temporary restraining order or request for an injunction; instead, it simply requested a two week adjournment of the show cause hearing. This request certainly did not "result[] in a decision on the merits," and it falls far short of the threshold for a waiver of the right to remove.

Plaintiff relies on three cases to support his argument regarding "experimentation": Rosenthal v. Coates, 148 U.S. 142, 147 (1893); State of Ohio v. Doe, 433 F.3d 502, 507 (6th Cir. 2006); and Zbranek v. Hofheinz, 727 F. Supp. 324, 326 (E.D. Tex. 1989). Pl.'s Mot. at 5. These cases, however, are easily distinguishable. As noted by Wells Fargo, in each of the above cases, the litigation was well into the proceedings at the time of removal: after trial and appeal (Rosenthal), after appeals through the state court appellate system and the Supreme Court (Doe), and after the "state court litigation . . . [had] advanced considerably . . . [including] extensive motion practice." (Zbranek). Here, Defendant has not yet responded to the complaint.

Indeed, the lack of merit in Plaintiff's "experimentation" argument was exemplified during oral argument. At the hearing on Plaintiff's motion, Plaintiff's counsel continued to argue that Wells Fargo's "tactical decision" not to appear at the June 14, 2013 show cause hearing constituted experimentation, thereby precluding removal. However, when asked by the Court whether counsel would have raised the same argument had Wells Fargo appeared at the hearing, counsel acknowledged that he would have considered an appearance to be experimentation. In other words, Plaintiff's counsel appears to want it both ways, i.e., to have both appearing and not appearing constitute "experimentation" in state court. This argument is untenable.

Accordingly, Wells Fargo's agreement to adjourn the show cause hearing did not constitute such action in state court to be considered a waiver of the right to remove.

## C.    The Omitted Documents Do Not Preclude Removal

Plaintiff next argues that remand is required because Wells Fargo did not comply with the removal statute's requirement to include state court process, pleadings, and orders with the notice of removal. See 28 U.S.C. § 1446(a). Plaintiff highlights five documents purportedly missing from Wells Fargo's removal papers: (1) the summons for Defendant Unknown Trustee; (2) the summons for Defendant Unknown Trust; (3) the stipulated order adjourning the show cause hearing; (4) the default entry for Defendant Unknown Trustee; and (5) the default entry for Defendant Unknown Trust. Pl.'s Mot. at 3-4.

Wells Fargo first responds that it did not need to include any of the pleadings, including the omitted ones, given that 28 U.S.C. § 1446(a) only requires the removing party to file documents that were "served upon such defendant or defendants." Here, Wells Fargo argues that service was not proper. Def.'s Resp. at 6-10. Second, Wells Fargo claims that it was never served with the four documents above that are directed to Defendants Unknown Trustee and

13

Unknown Trust.  Therefore, Wells Fargo could not have included these documents in its removal papers.  Id. at 10.  Third, Wells Fargo contends that no default was ever entered against Defendants Unknown Trust and Unknown Trustee, and thus the allegedly omitted "default entry" for these Defendants does not exist.  Id. at 10.  Lastly, Wells Fargo argues that any deficiency was de minimis, and was remedied by its inclusion of the existing documents with its response to the motion to remand.  Id. at 12-18.

Pursuant to 28 U.S.C. § 1446(a), a removing party must file with the district court "a copy of all process, pleadings, and orders served upon" it.  At the outset, the Court notes that, as described above, Wells Fargo has not been properly served.  Therefore, the purportedly missing documents did not need to be included with the notice of removal under 28 U.S.C. § 1446(a).  See Anderson v. Bank of America, N.A., No. 13-12834, 2013 WL 4670825, at *1 (E.D. Mich. Aug. 30, 2013) ("BOA's notice of removal did not need to include all of the state court record; rather, it needed to include only those documents on which it was served." (citing Cook v. Randolph Cnty., Ga., 573 F.3d 1143, 1150 (11th Cir. 2009)).

Moreover, even if the documents had been properly served upon Wells Fargo, their omission would not preclude removal.  It is true that removal statutes must be "strictly construed and all doubts resolved in favor of a remand."  Eastman v. Marine Mech. Corp., 438 F.3d 544, 550 (6th Cir. 2012) (discussing 28 U.S.C. § 1441(b)).  However, the Sixth Circuit also has expressed a "reluctance to interpret statutory removal provisions in a grudging and rigid manner."  Klein v. Manor Healthcare Corp., Nos. 92-4328, 92-4347, 1994 WL 91786, at *4 (6th Cir. Mar. 22, 1994).  Given this reluctance, the Court concludes that a "totally inconsequential defect in removal papers [does not] deprive the district court of jurisdiction over a case removed to it."  Walton v. Bayer Corp., 643 F.3d 994, 999 (7th Cir. 2011).  Such a rule puts the Court in

line with the predominant line of cases holding that the failure to include certain documents in a notice of removal does not require remand per se. See, e.g., Cadez v. Residential Credit Solutions, Inc., No. 13-10772, 2013 WL 2238486, at *1-2 (E.D. Mich. May 21, 2013); In re Yasmin and Yaz (Drosprenone) Mktg., Sales Practices and Products Liab. Litig., 692 F. Supp. 2d 1025, 1030 (S.D. Ill. 2010) ("[T]he predominant view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'"); see also Christenson Media Grp., Inc. v. Lang Indus., Inc., 782 F. Supp. 2d 1213, 1219 (D. Kan. 2011) ("failure to attach process . . . does not deprive this court of subject matter jurisdiction and does not require immediate remand"); Washington v. Harris, No. 11-2188, 2011 WL 2174942, at *1 (D. Kan. June 3, 2011) ("Plaintiff urges the Court to follow the minority view, which is based upon an understanding that the technical requirements of § 1446 are mandatory."); Ackerberg v. Citicorp USA, Inc., 887 F. Supp. 2d 934, 938 (N.D. Cal. 2012) ("While plaintiff is correct that a few courts have held that failure to provide every required document along with the notice of removal is an incurable defect, the majority of courts – including those in this Circuit – have held otherwise."). Such a rule is further bolstered by 28 U.S.C. § 1447(b)'s grant of authority to district courts to "require the moving party to file with [the court's] clerk copies of all records and proceedings in such State court."

Indeed, the Court notes that Plaintiff's counsel's firm has repeatedly raised this same argument and failed in courts across this district. See, e.g., Ordway v. Bank of Am., N.A., No. 13-13236, 2013 WL 5551083, at *3 (E.D. Mich. Oct. 8, 2013); Anderson v. Bank of Am., N.A., No. 13-12834, 2013 WL 4670825, at *1 (E.D. Mich. Aug. 30, 2013); Jackson v. Bank of Am., N.A., No. 13-12430, 2013 WL 4670762, at *1 (E.D. Mich. Aug. 30, 2013); Griffin v. JPMorgan Chase Bank, N.A., No. 13-10002, 2013 WL 2237974, at *2-3 (E.D. Mich. May 21, 2013)

(omission of summons was curable de minimis error); Mussall v. Bank of America, N.A., No. 13-10321, 2013 U.S. Dist. LEXIS 27493, at *4-5 (E.D. Mich. Feb. 28, 2013) (same).

Here, Wells Fargo's failure to include the five documents is inconsequential, particularly given that only one of those documents actually concerned Wells Fargo — the stipulated order of adjournment.  Further, Wells Fargo remedied any deficiency by providing the documents to the Court in its response to the motion to remand.

Plaintiff provides a number of non-binding cases, mostly from other jurisdictions, to support his claim that the failure to include all of the state court papers precludes removal.  Pl.'s Mot. at 4-5.  In each of those cases, however, the omitted documents would have affected the Court's ability to independently determine whether removal was proper.  For example, the court in Cook v. Robinson, 612 F. Supp. 187, 190 (E.D. Va. 1985) noted that the "failure to submit the process served on defendants King and City of Richmond is significant because the process could have served as an independent means of determining whether the petition for removal was timely filed."  See also Andalusia Enters., Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007) (missing summons); Kisor v. Collins, 338 F. Supp. 2d 1279, 1280-1281 (N.D. Ala. 2004) (same); State of Michigan v. Matthews-El, No. 07-15028, 2007 U.S. Dist. LEXIS 99695, at *4 (E.D. Mich. Dec. 28, 2007) (noting that the court could not determinatively establish timeliness of removal due to defendant's failure to include state court records); State of Michigan v. Wilborn, No. 12-952, 2012 U.S. Dist. LEXIS 132542, at *1 (W.D. Mich. Sept. 18, 2012) (same).  Here, Plaintiff does not dispute the timeliness of removal.  Moreover, the Court is not bound by any of these decisions, and it finds the majority view provided by courts both inside and outside of this district to be more persuasive.  Accordingly, even if the subject

documents had been properly served, Wells Fargo's failure to include them is not fatal to its removal.

**D.      Unanimity and Diversity of Citizenship Do Not Bar Wells Fargo's Removal**

Plaintiff also challenges Wells Fargo's removal under the rules of unanimity and diversity of citizenship based on Defendants Unknown Trust and Unknown Trustee.  Pls.' Mot. at 6-7.  With regards to unanimity, Plaintiff contends that Defendants Unknown Trust and Unknown Trustee did not join in or consent to the removal.  Pl.'s Mot. at 6.  Plaintiff also claims that Wells Fargo has failed to establish that diversity of citizenship exists between the parties because it did not indicate the citizenship of Defendants Unknown Trust and Unknown Trustee in its removal papers.  Pl.'s Mot. at 7.

In response, Wells Fargo argues that only those defendants that have been properly served must join in or consent to removal.  Here, Wells Fargo reiterates, none of the Defendants has been properly served.  Def.'s Resp. at 20.  Wells Fargo also contends that the missing defendants did not need to join in or consent to removal because they are fictitious entities against whom Plaintiff does not have a colorable claim.  Id. at 21-22.  For this same reason, Wells Fargo maintains that it did not need to indicate the citizenship of the Unknown Trust or Unknown Trustee, particularly because it is "not [Wells Fargo's] obligation to know the identity of the codefendants."  Id. at 23.

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally.  28 U.S.C. § 1441(a).  Federal courts have original, diversity jurisdiction under 28 U.S.C. § 1332(a) where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  When a case is removed to federal court from state court under 28 U.S.C. § 1441(a), "all

defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).   This is known as the "rule of unanimity."  See Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003).

In determining whether the rule of unanimity has been satisfied, only those defendants who have been properly joined and served must be considered.  For example, in Anderson v. Bank of America, N.A., No. 13-12834, 2013 WL 4670825, at *2 (E.D. Mich. Aug. 30, 2013), the plaintiff served the defendants Unknown Trust and Unknown Trustee in the same manner as here: mailing the documents to the named defendant bank — Bank of America (BOA) — pursuant to a temporary restraining order.  Id.  After removal, the district court rejected the plaintiff's arguments regarding unanimity because the "plaintiff did not properly serve the Unknown Trust and Unknown Trustee under either Michigan law or the Federal Rules."  Id.  The Court also noted that "mailing a copy of the[] documents to BOA [was] not 'reasonably calculated' to give the Unknown Trust and Unknown Trustee notice of plaintiff's lawsuit."  Id.; see also Mussall, 2013 U.S. Dist. LEXIS 27493, at *3 (rejecting argument regarding lack of unanimity where defendants Unknown Trust and Unknown Trustee were not properly served). Similarly here, none of the Defendants — including Unknown Trust and Unknown Trustee — has been properly served.  Therefore, the Court disregards Defendants Unknown Trust and Unknown Trustee for purposes of the rule of unanimity.[6]

With respect to Plaintiff's arguments about diversity of citizenship, "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of

---

[6] The decision in Buterbaugh v. Selene Fin. LP., No. 12-14763, 2013 WL 812106, at *3-4 (E.D. Mich. Mar. 4, 2013) is distinguishable.  In that case, the court found a lack of unanimity because the defendant Unknown Trust did not join in or consent to the removal.  However, the Court's decision relied on the fact that the defendant JPMorgan was sued as Trustee for the Unknown Trust.  Here, Wells Fargo has not been sued as Trustee for Defendant Unknown Trust.  Rather, Wells Fargo has been sued as an independent entity separate from Defendants Unknown Trustee and Unknown Trust.

defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). "Would-be Defendants 'Unknown Trustee' and 'Unknown Trust' are precisely the types of 'defendants sued under fictitious names' that are not to be considered in determining diversity jurisdiction under 28 U.S.C. § 1441(b)." Griffin v. JP Morgan Chase Bank, N.A., No. 13-10002, 2013 WL 2237974, at *2 (E.D. Mich. May 21, 2013) ("[E]ven if [defendant] is in a better position to identify the unknown Defendants — as Plaintiffs[] claim — it is not required to determine their identity before filing a Notice of Removal."). Therefore, the citizenship of Defendants Unknown Trust and Trustee is disregarded for purposes of diversity jurisdiction.

Moreover, Plaintiff alleges that he is a citizen of Michigan, and Wells Fargo contends that it is a citizen of South Dakota for diversity purposes. See Compl., ¶ 1, Ex. A to Def.'s Notice of Removal (Dkt. 1-2); see also Notice of Removal at 2-3 (Dkt. 1). Plaintiff does not challenge these facts. Accordingly, based on the information before it, the Court finds that diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).

## IV.   CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand (Dkt. 4).

SO ORDERED.

Dated:  December 17, 2013  
    Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2013.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager